## Hartman *vs* Welz.

ERROR TO THE JEFFERSON CIRCUIT.

*Petition and Summons.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

THIS is a *petition and summons,* by one native *German* against another, on a promissory "note for the direct payment of money," *written in their vernacular tongue.*

The *petition* contains a literal transcript of the note, as written in *German,* and subjoins a translation of it in

*English*, under the following recital: ''Which, translated into English, is as follows.''

The Circuit Court having overruled a demurrer to the *petition*, and rendered judgment on the note, as therein translated, the only question presented for revision is, whether a *petition* is an appropriate form of action on such a note, as thus described.

Demurrer and judgment of the Court.

If, as is not denied, the translation in the *petition* be correct, the note is for the direct payment of money, as prescribed by the statute uuthorizing suits by *petition and summons*, and, in every such case, a *petition* may be maintained, unless the right to sue suspends on some extrinsic fact, the averment of which cannot be made without departing essentially from the form given by the statute.

Petition and summons will lie on a note drawn in a foreign language, giving the substance in english, and is not vitiated by giving a *fac simile* of the note with its translation in english.

It is well settled that mere matter of description or identification, either as to the proper parties or the legal import and effect of the note sued on, may be appropriately made in a *petition*, and consequently, had the petition, omitting the German copy, only copied the note in *English*, characterizing it truly, as one written in a foreign language, in which we are not permitted to plead, there certainly could have been no valid objection to it. And surely the superfluous *fac simile* of the note as written, copied doubtless for the purpose of avoiding any question as to variance, cannot defeat the action which would have been maintainable without it. The *German* copy, though unnecessary, cannot vitiate.

Averment may be made in petition, either descriptive of the person or of the import and effect of the note sued on.

And therefore, although the petition might have been less copious and more formal, had it merely stated that the plaintiff held ''a note on the defendant,'' (written in German,) ''in substance as follows,'' (in English,) yet the petition, as drawn in this case, is equally good in legal effect.

It is, therefore, our opinion that the judgment of the Circuit Court be affirmed.

*D. W. Wilson* for plaintiff: *Grigsby and Graves* for defendant.